## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADAM FRANCHI, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>IXYS CORPORATION, NATHAN ZOMMER, UZI SASSON, DONALD L. FEUCHT, SAMUEL KORY, S. JOON LEE, TIMOTHY A. RICHARDSON, JAMES M. THORBURN, KENNETH D. WONG, LITTELFUSE, INC., and IRON MERGER CO., INC.,<br><br>                Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

### SUMMARY OF THE ACTION

1.      This action stems from a proposed transaction announced on August 28, 2017 (the "Proposed Transaction"), pursuant to which IXYS Corporation ("IXYS" or the "Company") will be acquired by Littelfuse, Inc. ("Parent") and its wholly-owned subsidiary, Iron Merger Co., Inc. ("Merger Sub," and together with Parent, "Littelfuse").

2.      On August 25, 2017, IXYS's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Littelfuse.  Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by IXYS's stockholders, Merger Sub will merge with and into IXYS,

with IXYS continuing as a wholly-owned subsidiary of Parent, and shareholders of IXYS will have the right to receive for each share of IXYS they own, at their election and subject to proration: (i) $23.00 in cash; or (ii) 0.1265 of a share of common stock of Parent.  Based on the closing stock price of Littelfuse common stock on August 25, 2017, the last full trading day before the announcement of the Proposed Transaction, the per share value of IXYS common stock implied by the stock consideration was $22.55.  Following the close of the Proposed Transaction, former IXYS stockholders are expected to own only approximately 8% of the outstanding shares of Littelfuse common stock and Littelfuse stockholders immediately prior to the Proposed Transaction are expected to own approximately 92% of the outstanding shares of Littelfuse common stock.

3.     On October 26, 2017, defendants filed an S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of IXYS common stock.

9.      Defendant IXYS is a Delaware corporation and maintains its principal executive offices at 1590 Buckeye Drive, Milpitas, California 95035.  IXYS's common stock is traded on the NasdaqGS under the ticker symbol "IXYS."

10.      Defendant Dr. Nathan Zommer ("Zommer") serves as Chairman of the Board and Co-Chief Executive Officer ("CEO") of IXYS.

11.      Defendant Uzi Sasson ("Sasson") serves as a director, President, Chief Financial Officer, and Co-CEO of IXYS.

12.      Defendant Dr. Donald L. Feucht ("Feucht") serves as a director of IXYS.

13.      Defendant Samuel Kory ("Kory") serves as a director of IXYS.

14.      Defendant Dr. S. Joon Lee ("Lee") serves as a director of IXYS.

15.      Defendant Timothy A. Richardson ("Richardson") serves as a director of IXYS.

16.      Defendant James M. Thorburn ("Thorburn") serves as a director of IXYS.

17.      Defendant Kenneth D. Wong ("Wong") serves as a director of IXYS.

18.      The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19.      Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

20.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of IXYS (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22.     This action is properly maintainable as a class action.

23.     The Class is so numerous that joinder of all members is impracticable.  As of August 24, 2017, there were approximately 32,610,410 shares of IXYS common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the

adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company*

28.     IXYS is a multi-market integrated semiconductor company. The Company develops technology-driven products to improve energy conversion efficiency, generate clean energy, advance automation, and provide solutions for the transportation, medical, and telecommunication industries. IXYS specializes in the development, manufacture, and marketing of high performance power semiconductors, advanced mixed-signal integrated circuits ("ICs"), application specific integrated circuits ("ASICs"), and radio frequency ("RF") power semiconductors.

29.     The Company's power semiconductors improve system efficiency and reliability by converting electricity at relatively high voltage and current levels into the finely regulated power required by electronic products. IXYS's power semiconductor products are used primarily to control electricity in power conversion systems, motor drives for industrial applications, medical electronics for sophisticated applications, and renewable energy sources. The Company's power semiconductor products have historically been divided into two primary categories: power metal-oxide-silicon ("MOS") transistors; and bipolar products. In fiscal year ended March 31, 2017, IXYS's power semiconductors constituted approximately 68.8% of the Company's revenues, which included 32.5% of revenues from power MOS transistors and

5

related products and 36.3% of revenues from bipolar products.

30.     IXYS also designs and sells RF power semiconductors that switch electricity at the high rates required by circuitry that generates radio frequencies.  The Company's RF power devices are used in wireless infrastructure, industrial RF applications, medical systems, and defense and space electronics.  In fiscal 2017, systems and RF power semiconductors constituted approximately 5.8% of IXYS's revenues.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

31.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

32.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

33.     The Registration Statement omits material information regarding the valuation analyses performed by the Company's financial advisor, Needham & Company, LLC ("Needham"), as well as certain financial projections of IXYS and Littelfuse that were relied upon by Needham in its analyses.

34.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.  Moreover, the disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

35.     With respect to Needham's Discounted Cash Flow Analysis, the Registration

Statement fails to disclose: (i) the specific inputs and assumptions underlying the discount rate range of 11.5% to 13.5% selected by Needham in its analysis; (ii) the Company's projected 2020 *adjusted* EBITDA; (iii) Needham's basis for selecting terminal multiples of 7.0x to 10.0x to apply to IXYS' 2020 adjusted EBITDA; (iv) the range of illustrative terminal enterprise values; (v) IXYS's cash and debt; and (vi) the perpetuity growth rate range implied by Needham's analysis.

36.     With respect to Needham's Selected Companies Analyses of IXYS and Littelfuse, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by Needham in its analyses.

37.     With respect to Needham's Selected Transactions Analysis, the Registration Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by Needham in its analysis.

38.     With respect to Needham's Premiums Paid Analysis, the Registration Statement fails to disclose the identity of the 14 merger and acquisition transactions observed by Needham, as well as the individual premiums offered in each of the observed transactions.

39.     With respect to Needham's Present Value of Illustrative Future Stock Prices Analysis, the Registration Statement fails to disclose: (i) Needham's basis for selecting multiples of 7.0x to 10.0x to apply to IXYS's projected 2018, 2019, and 2020 adjusted EBITDA; (ii) IXYS's projected cash and debt at the end of the respective projected fiscal years 2018, 2019, and 2020; and (iii) the specific inputs and assumptions underlying the discount rate range of 13.1% to 15.1% selected by Needham in its analysis.

40.     With respect to Needham's Pro Forma Transaction Analysis, the Registration Statement fails to disclose the estimated financial results of Littelfuse for calendar year 2018

used by Needham in its analysis.

41.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Opinion of IXYS' Financial Advisor;" and (ii) "Certain Financial Projections Utilized by the IXYS Board of Directors and IXYS' Financial Advisor."

42.     The Registration Statement also omits material information relating to potential conflicts of interest of certain of IXYS's executive officers and directors.

43.     The Registration Statement indicates that, on August 25, 2017 (the day that IXYS entered into the Merger Agreement with Littelfuse), IXYS entered into an amended employment agreements with each of Individual Defendants Zommer and Sasson, which will become effective upon the completion of the Proposed Transaction.  Those employment agreements entitle Zommer and Sasson to, among other things, lucrative salaries, bonuses, and change in control payments upon the termination of the officers.  Notwithstanding the fact that the Company entered into these amended employment agreements on the same day that it entered into the Merger Agreement, the Registration Statement fails to disclose any information relating to the purpose of the amended agreements, as well as the timing and substance of the conversations concerning the amended employment agreements, including who first proposed the amended agreements, when they were proposed, and who participated in those discussions.

44.     Communications regarding amended employment agreements that provide for lucrative payments during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the

Company's stockholders.

45.     The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger;" and (ii) "Interests of IXYS' Directors and Executive Officers in the Merger."

46.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to IXYS's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and IXYS**

47.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  IXYS is liable as the issuer of these statements.

49.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

50.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

51.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to

vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

52.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Littelfuse

55.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56.     The Individual Defendants and Littelfuse acted as controlling persons of IXYS within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of IXYS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57.     Each of the Individual Defendants and Littelfuse was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly in the making of the Registration Statement.

59.     Littelfuse also had direct supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

60.     By virtue of the foregoing, the Individual Defendants and Littelfuse violated Section 20(a) of the 1934 Act.

61.     As set forth above, the Individual Defendants and Littelfuse had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to file a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  November 6, 2017

**RIGRODSKY & LONG, P.A.**

By:  */s/ Brian D. Long*
      Brian D. Long (#4347)
      Gina M. Serra (#5387)
      2 Righter Parkway, Suite 120

**OF COUNSEL:**
      Wilmington, DE 19803
      Telephone: (302) 295-5310

**RM LAW, P.C.**
      Facsimile: (302) 654-7530
Richard A. Maniskas
      Email: bdl@rl-legal.com
1055 Westlakes Drive, Suite 300
      Email: gms@rl-legal.com
Berwyn, PA 19312
Telephone: (484) 324-6800
      *Attorneys for Plaintiff*